IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 7:25-437 |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM STEVEN WOOTEN | | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its undersigned Assistant United States, hereby responds to the Court's request for additional briefing on the applicability of a mandatory minimum sentence. The statute requires that Wooten receive a 10-year sentence because his prior state conviction--at a minimum--relates to sexual abuse.

**FACTS**

A jury found Wooten guilty of possessing child pornography. In the presentence report, the Probation Office did not apply the ten-year mandatory minimum sentence to Wooten. The Government objected, but the Probation Office did not alter the report.

**LEGAL ARGUMENT**

**Under the modified categorical approach, Wooten's prior state conviction relates to sexual abuse.**

The statutory penalty for 18 U.S.C. § 2252A(a)(5)(B), in relevant part, provides:

> if such person has a prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

18 U.S.C. § 2252A(b)(2).

Wooten has a conviction for assault and battery in the first degree under SC Code Ann. § 16-3-600(C)(1). This statute provides:

> (C)(1) A person commits the offense of assault and battery in the first degree if the person unlawfully:
>
> (a) injures another person, and the act:
>
> (i) involves nonconsensual touching of the private parts of a person, either under or above clothing, with lewd and lascivious intent; or
>
> (ii) occurred during the commission of a robbery, burglary, kidnapping, or theft; or
>
> (b) offers or attempts to injure another person with the present ability to do so, and the act:
>
> (i) is accomplished by means likely to produce death or great bodily injury; or
>
> (ii) occurred during the commission of a robbery, burglary, kidnapping, or theft.

SC Code Ann. § 16-3-600(C)(1)

This is a divisible statute and thus the modified categorical approach is applied. United States v. Mack, 56 F.4th 303, 306 (4th Cir. 2022) (observing that SC Code 16-3-600(C)(1) is a divisible statute); United States v. Owens, 2026 WL 3079372, at *1 (4th Cir. Oct. 19, 2026). The language of the federal statutory penalty is broad. An enhanced sentence is required not only where the state offense qualifies as an offense enumerated in the federal penalty provision (e.g., where the prior offense was for sexual abuse), but also when the state offense is one "relating to" these offenses (e.g., where the prior offense "relat[ed] to" sexual abuse). See 18 U.S.C. §§ 2251(e), 2252A(b)(1), 2252A(b)(2).

An instructive case is United States v. Spence, 661 F.3d 194, 200 (4th Cir. 2011), in which the district court applied the enhancement in 18 U.S.C. § 2252A(b)(2) based on a prior conviction for ABHAN. The Fourth Circuit approved use of the modified categorical approach and noted that the indictment charging Spence with ABHAN "described the act of touching the victim between her legs, which constitutes indecent liberties with a female." Id. at 199. The Court emphasized

"Congress' choice of the phrase 'relating to' in the statute . . . carries a broad ordinary meaning, namely, 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" Id. at 200. The Court held that "the nature of the offense described in the indictment establishes that Spence's ABHAN conviction 'relates to' sexual abuse and, therefore, that the ABHAN conviction qualifies as a predicate offense under the sexual abuse enhancement." Id. at 199-200. See also United States v. Lockhart, 749 F.3d 148, 151 (2d Cir. 2014) (affirming enhanced sentence when prior offense was a sexual battery).

Thus, the inquiry is whether Mr. Wooten's prior conviction relates to sexual abuse.[1] To determine which division of the statute applies (nonconsensual touching or robbery, etc.) the modified categorical approach allows us to look at the typical Shepard documents such as the indictment, sentencing sheet, etc. See Shepard v. United States, 544 U.S. 13, 19 (2005).

Here, the indictment (for CSC 3d) indicates that the crime involved digital penetration of a minor. However, Mr. Wooten did not plead to the offense as indicted. The Court must view the sentencing sheet to garner further information. The sentencing sheet requires a psychosexual evaluation and notes that the issue of the sex offender registry will be held open for 120 days.

The sentencing sheet informs the Court that the battery was a nonconsensual touching of the privates because it makes no sense to have a sexual evaluation for a robbery or burglary. A supplemental order under the same case number was later issued requiring Wooten to register because of a sexual dangerousness determination. Exhibit B (Order to Supplement the Record). Thus, we now know from the permissible Shepard documents that Wooten's conviction "(i) involves nonconsensual touching of the private parts of a person, either under or above clothing, with lewd and lascivious intent."

[1] Actually, Wooten pled guilty to five counts of assault and battery in the first degree. There were also five underlying indictments. The five indictments and sentencing sheets are attached herein as Exhibit A.

The language of the South Carolina assault and battery statute is very similar to the language of a Georgia statute that the Tenth Circuit found to qualify as a predicate conviction. In United States v. Hebert, 888 F.3d 470, 474 (10th Cir. 2018), the court dealt with a Georgia statute providing that "[a] person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." The Tenth Circuit emphasized that it "need ask only whether the Georgia sexual battery statute 'relates to' sexual abuse--not whether it constitutes sexual abuse." Id. at 475. Based on the modified categorical approach the offense did relate to sexual abuse and the Tenth Circuit affirmed the district court's imposition of a mandatory minimum sentence.

Courts have held that "sexual abuse connotes (1) the use or mistreatment of an individual so as to injure, hurt, or damage them emotionally or physically, (2) relating to, tending towards, or involving sexual intercourse, or other forms of intimate physical contact." United States v. Abreu, 106 F.4th 1, 16 (1st Cir. 2024).

The Court should also take judicial notice of the parties' trial stipulation:

> It is hereby stipulated and agreed by the parties that if Wendy Hallford was called as a witness she would testify as follows:
>
> "I am a state prosecutor with Seventh Judicial Circuit Solicitor's Office in Spartanburg County. I served as William Steven Wooten's prosecutor in state court. On or about September 1, 2022, Wooten pled no contest to assault and battery in the first degree in violation of S.C. Code Ann. § 16-3-600(C)(1) and was therefore adjudged guilty of the offense. This crime, involving a Minor Victim deals with the nonconsensual touching of the private parts of a person, either under or above clothing, with lewd and lascivious intent."

So, the question is whether Wooten has a prior state conviction relating to sexual abuse. The answer is yes. His state court conviction "involves nonconsensual touching of the private parts of a person, either under or above clothing, with lewd and lascivious intent." This relates to "sexual

abuse" as the term is generally understood. Accordingly, 18 U.S.C. § 2252A(b)(2) mandates that Wooten receive a minimum of 10 years' imprisonment.

The Probation Office's declined to change the PSR as requested by the Government because "the most innocent conduct criminalized by the statute involves an adult nonconsensually touching the buttocks of another adult above the clothing with lewd and lascivious intent" and because the Probation Office questions whether this amounts to sexual abuse because "this issue is exceedingly close." (PSR Addendum at 4-5) The Government respects the conservatism of the Probation Office's approach. The Government emphasizes that the standard is whether the prior offense relates to sexual abuse. Touching another person on the buttocks, with a lewd and lascivious intent, involves "intimate physical contact" that the First Circuit has held is in the heartland of sexual abuse. See Abreu, 106 F.4th at 16. The touching itself is sexual abuse and at a minimum at least relates to sexual abuse.

The Probation Office acknowledges that in Spence "sexualized nonconsensual touching of a female between the legs [was] sufficiently related to sexual abuse" for an enhanced sentence to apply. (PSR Addendum at 5) Similarly, in this case we have a nonconsensual touching of what the state statute describes as "the private parts" of another person. If the nonconsensual touching of "the private parts" does not at least "relate to" sexual abuse, then the Government wonders how much more egregious the conduct has to be to fall into such broad terminology.

The conservatism of the Probation Office is misplaced. The nonconsensual touching of the privates of another person is or relates to sexual abuse.

## CONCLUSION

The sentencing sheet and supplemental order in the state case show that Wooten's assault and battery conviction involved the nonconsensual touching of the private parts of a person, either

under or above clothing, with lewd and lascivious intent. This conviction relates to sexual abuse, i.e., it stands in some relation to, has a bearing or concern with, pertains to, or is associated with sexual abuse (encompassing unwanted intimate contact). Consequently, Wooten faces a mandatory minimum sentence under 18 U.S.C. § 2252A(b)(2).

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: *s/William J. Watkins, Jr.*
William J. Watkins, Jr. (Fed. ID # 07863)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.: 864-282-2100
Fax: 864-233-3158
Email: bill.watkins@usdoj.gov