UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 7:25-cr-00437-DCC |
| | ) | |
| v. | ) | **DEFENDANT'S** |
| | ) | **SENTENCING MEMORANDUM** |
| WILLIAM STEVEN WOOTEN | ) | |
| | ) | |

The Defendant, William Steven Wooten, hereby responds to the Court's direction for additional briefing on the Government's objection to the Presentence Report. *See* ECF No. 108.

**BACKGROUND**

On March 11, 2025, the Government obtained an Indictment against Mr. Wooten for knowingly possession a certificate of discharge from a military service of the United States, that had been forged, counterfeited, or falsely altered, in violation of 18 U.S.C. § 498; and possession of material that contained images of child pornography which had been mailed, shipped, and transported in interstate and foreign commerce by any means, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). ECF No. 2. At that time, he was put on notice that the child pornography charge carried a maximum term of imprisonment of twenty (20) years. ECF No. 3. *See also* Elements and Penalties filed at ECF No. 28. In advance of trial, the Government filed an Information, notifying Mr. Wooten that it intended to seek an enhanced penalty, a mandatory minimum sentence of ten (10) years, pursuant to 18 U.S.C. § 2252A(b)(2). ECF No. 60. Mr. Wooten pled guilty to possession of a forged, counterfeited, or false altered DD-214, in violation

of 18 U.S.C. § 498, on January 29, 2026. ECF No. 88, 89. He proceeded to trial on the 18 U.S.C. § 2252A charge of which he was ultimately convicted. ECF No. 97-100.

The original Presentence Report ("PSR") was prepared and disclosed to the parties on April 14, 2026. The PSR indicated no mandatory minimum sentence and a maximum sentence of imprisonment of twenty (20) years. PSR ¶ 81. Mr. Wooten, through counsel, informed the United States Probation Office on April 22, 2026, that he had no objections to the PSR. *See* Addendum. On October 14, 2026, the Addendum to the PSR was disclosed to the parties. The Addendum indicates that on April 22, 2026, the Government objected to the guideline range in the PSR and that Mr. Wooten should be facing a mandatory minimum sentence of ten (10) years.[1] *Id.*

The only disagreement between the parties is whether Mr. Wooten is facing a mandatory minimum sentence. This Court filed a text order on October 19, 2026, directing the parties to file supplemental briefing on the objection raised by the Government to the PSR. ECF No. 108.

**WOOTEN SHOULD NOT BE SUBJECT TO A MANDATORY MINIMUM SENTENCE**

The Defendant agrees with the Government and the United States Probation Office ("USPO") that the Court should use the modified categorical approach in determining whether Mr. Wooten's conviction under S.C. Code Ann. § 16-3-600(C)(1) is a qualifying conviction for purposes of the enhanced penalty in 18 U.S.C. § 2252(A)(b)(2).

Defendant relies on the reasons the Probation Office identified for doubting that the enhancement applies. First, under the least culpable conduct analysis required by *United States v. Hardin*, 998 F.3d 582, 586 (4th Cir. 2021), and *United States v. Colson*, 683 F.3d 507, 510 (4th

[1] It was not until the Addendum was disclosed that the Defendant learned the Government had filed an objection to the PSR.

Cir. 2012), the most innocent conduct covered by the statute is an adult touching another adult's buttocks over the clothing, which is far removed from "sexual abuse" as defined in 18 U.S.C. § 2242. Addendum at 4-5. Second, Congress excluded over-the-clothing touching even of a minor from the definition of "sexual act" in 18 U.S.C. § 2246(2)(D), which indicates Congress did not intend the recidivist enhancement to reach over-the-clothing conduct between adults. *Id.* at 5. Third, applying the enhancement here would leave it without any meaningful limiting principle, since it would capture trivial contact whenever lewd intent is present. *Id.* Finally, the Government's reliance on *United States v. Spence*, 661 F.3d 194 (4th Cir. 2011), is misplaced because *Spence* examined the specific conduct described in the indictment rather than the least culpable conduct the statute criminalizes, as *Hardin* now requires. *Id.* at 5-6.

The Probation Office found the issue "exceedingly close" and declined to change the PSR. Because the statute is ambiguous as applied here, Mr. Wooten asks the Court to apply the rule of lenity and resolve that ambiguity in his favor. *See United States v. Hilton*, 701 F.3d 959, 968–69 (4th Cir. 2012) (courts construe ambiguous criminal provisions in the defendant's favor); *United States v. Campbell*, 22 F.4th 438, 446 (4th Cir. 2022).

**CONCLUSION**

For these reasons, Defendant respectfully requests that the Court overrule the Government's objection and adopt the PSR's guidelines range of 78 to 97 months.

*[Signature on following page.]*

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
Attorney for Appellant

BY: *s/Benjamin T. Stepp*
Benjamin T. Stepp, Fed. ID # 4301
Assistant Federal Public Defender
75 Beattie Place, Suite 950
Greenville, South Carolina 29601
(864) 235-8714
benjamin_stepp@fd.org

Greenville, South Carolina
October 28, 2026